IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| KATHRYN HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No.: 4:20-cv-00404 |
| v. | ) | |
| | ) | Removal from the Circuit Court of |
| WAL-MART STORES EAST I, L.P., | ) | Jackson County, Missouri |
| | ) | Case No.: 2016-CV09795 |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wal-Mart Stores East I, L.P. (hereinafter referred to as "Defendant" or "Walmart") hereby removes to the United States District Court for the Western District of Missouri the action styled *Kathryn Harris v. Wal-Mart Stores East I, L.P.*, Case No. 2016-CV09795, from the Circuit Court of Jackson County, Missouri. Defendant states the following in support of removal:

STATE COURT ACTION

1. On March 23, 2020, Plaintiff Kathryn Harris ("Plaintiff") commenced this matter by filing her Petition in the case styled *Kathryn Harris v. Wal-Mart Stores East I, L.P.*, Case No. 2016-CV09795, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. Plaintiff's Petition in the State Court Action asserts claims of premise liability and negligence against the Defendant.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

1

4. Defendant Wal-Mart Stores East I, L.P. was served via Private Process Server on April 22, 2020.

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant Wal-Mart Stores East I, L.P. may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the Defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendant Wal-Mart Stores East I, L.P. was served with process on April 22, 2020.

9. This Notice of Removal is being filed on or before May 22, 2020.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a) and Local Rule 3.2(a)(3)(B).

## DIVERSITY JURISDICTION EXISTS

**Plaintiff Kathryn Harris**

11. Plaintiff is a resident and citizen of the State of Missouri. *See* Exhibit A, Plaintiff's Petition ¶ 1.

**Defendant Wal-Mart Stores East I, L.P.**

12. Defendant Wal-Mart Stores East I, L.P. is a d/b/a of Wal-Mart Stores East, LP, a limited partnership organized and existing under the laws of the State of Delaware; and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

   a. WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner, are the sole partners comprising Wal-Mart Stores East, L.P.

   b. WSE Management, LLC, at the time of the commencement of said action and ever since, has been, and still is, a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

   c. WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still is a foreign limited liability company organized and existing under the laws of the State of Delaware, with its chief and principal office and place of business in the State of Arkansas, and is neither a citizen nor a resident of the State of Missouri.

   d. The sole member of both WSE Management, LLC and WSE Investment, LLC, at the time of the commencement of said action and ever since, has been, and still is, Wal-Mart Stores East, LLC.

   e. At the time of the commencement of said action and ever since, Wal-Mart Stores East, LLC has been, and still is, a limited liability company organized and existing

under the laws of the State of Arkansas with its principal place of business in the State of Arkansas, not having its chief and principal office and place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Accordingly, even in matters where it is not "facially apparent" from a plaintiff's pleadings that the claimed damages exceed $75,000, removal can be warranted. *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.Mo. 2002) (finding remand was not warranted even where plaintiff submitted affidavits alleging damages totaling less than $10,000.00).

14. In her Petition, Plaintiff alleges her personal injury was a "result of the defendant's negligence" that caused or contributed to cause injury to Plaintiff Kathryn Harris. *See* Exhibit A, Petition ¶ 5.

15. Specifically, Plaintiff alleges that Defendant, permitted the existence of a wet floor near its entrance, failed to put up barricades, signs or other warnings for customers, improperly spaced or placed mats near the entrance of the store and failed to take proper precautions due to the weather. *See* Exhibit A, Petition ¶ 6.

16. Plaintiff alleges that she suffered damages as a "direct result of the negligence of the defendant and defendant's agents and employees" and experienced injury to her "right elbow, right wrist and left wrist." *See* Exhibit A, Petition ¶ 7.

4

17. Plaintiff also alleges that she is reserving the right to "claim damages for a permanent injury." *See* Exhibit A, Petition ¶ 7.

18. She further alleges damages, including "garden variety pain and suffering associated with the injury" *See* Exhibit A, Petition ¶ 7.

19. Plaintiff requests judgment in an amount "not to exceed $75,000.00, **exclusive of interest or cost.**" *See* Exhibit A, Petition, Wherefore clause (emphasis added).

20. Although this prayer appears to limit her damages, Plaintiff is explicitly claiming substantial medical expenses, chronic pain, suffering and inconvenience as a result of her injuries, as well as reserving the right to claim that she suffered a permanent injury.

21. Based on Plaintiff's claims of substantial medical expenses, chronic pain, suffering and inconvenience as a result of her injuries, her claim to reserve her right to claim that she suffered a permanent injury, as well as a claim "for such other relief as the court deems fair, proper and just", a fact finder could legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

22. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Circuit Court of Jackson County, Missouri; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

23. The U.S. District Court for the Western District of Missouri is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a); Local Rule 3.2(a)(3)(B).

## FILING OF REMOVAL PAPERS

24. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

## JURY TRIAL DEMANDED

25. Defendant Wal-Mart Stores East I, L.P. requests jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

26. Defendant hereby designates Kansas City, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendant Wal-Mart Stores East I, L.P. does hereby remove the above-captioned action from the Circuit Court of Jackson County, State of Missouri, and requests that further proceedings be conducted in this Court as provided by law.

DATED: May 22, 2020.

Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham   (MO #66153)
M. Jared Marsh   (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this 22nd day of May 2020, the foregoing was electronically mailed to:

Marty W. Seaton
John E. Turner
Christopher P. Sweeny
TURNER, SWEENY & SEATON
10401 Holmes Road, Suite 450
Kansas City, Missouri 64131
TEL: (816) 942-5100
FAX: (816) 942-5104
E-MAIL: mseaton@turnersweeny.com
E-MAIL: turner-sweeny@msn.com
E-MAIL: csweeny@turnersweeny.com
ATTORNEYS FOR PLAINTIFF

                                    /s/ M. Jared Marsh
                                    ATTORNEY FOR DEFENDANT