# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Kathryn Harris, | ) |
|      Plaintiff, | ) |
| v. | ) Case No. 20-CV-0404-FJG |
| | ) |
| Wal-Mart Stores East I., L.P., | ) |
|      Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 9).

The present matter was filed in the Circuit Court of Jackson County, Missouri on March 23, 2020, and was timely removed to this court by defendant, who argued that diversity jurisdiction existed. Plaintiff moved to remand on June 4, 2020, attaching a signed affidavit stipulating that the damages she is seeking do not exceed $75,000 and that she will not seek to satisfy or execute a jury verdict or judgment entered in excess of $75,000. In response, on June 10, 2020, defendant filed a stipulation to remand (Doc. No. 10) indicating that it stipulates to the remand of this matter to the Circuit Court of Jackson County, Missouri.

As this Court noted in a prevous order,

> [t]he Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292–93. The rule from St. Paul Mercury has consistently been applied to cases in which the petition at the time of removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal jurisdiction had already attached....Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount. Further, plaintiff now stipulates that her damages do not exceed and she will not seek an amount greater than $75,000.

Where damages are not specified in a state court complaint, this Court and others in the Eighth Circuit have considered a post-removal stipulation to

determine whether jurisdiction has attached, as long as the stipulation can be considered as clarifying rather than amending an original pleading.

Penn v. Cypress Media, L.L.C, No. 15-CV-00397-W-FJG, 2015 WL 5970591, at *3 (W.D. Mo. Oct. 13, 2015) (citing Levinson v. Cincinnati Ins. Co., No. 4:13–CV–1595 CAS, 2013 WL 5291772, *2 (E.D.Mo.Sept.19, 2013).

In the present case, the Court finds that plaintiff's stipulation is a clarification of the amount in controversy. Therefore, the Court finds that the amount in controversy is less than $75,000, and federal jurisdiction is lacking. Plaintiff's Motion to Remand (Doc. No. 9), therefore, is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Dated:  June 11, 2020               **/s/ Fernando J. Gaitan, Jr.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                     United States District Judge